ATTORNEY GENERAL v ATWELL

1. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—CRIMINAL ACTIONS—CIVIL ACTIONS—INJUNCTIONS.

The provision of the United States Constitution that no person shall be put twice in jeopardy of life or limb refers to criminal actions and does not apply to a civil action for an injunction.

2. ATTORNEY GENERAL—INJUNCTIONS—POWERS—ADVERTISING—FALSE ADVERTISING—STATUTES.

The Attorney General may, pursuant to statute, maintain an action to enjoin unlawful, deceptive or misleading advertising (MCLA 445.807[1]).

3. ATTORNEY GENERAL—VENUE—CIRCUIT COURTS—INGHAM COUNTY CIRCUIT COURT—STATUTES.

Any action at law in the name of the state may be brought by the Attorney General in the Ingham County Circuit Court (MCLA 14.102).

4. LICENSES—PHYSICAL THERAPY ACT—REGISTRATION—PHYSICAL THERAPIST—ADVERTISING—STATUTES.

A person who is not registered under the physical therapy act or whose registration has been suspended or revoked or whose registration has lapsed and has not been renewed may not use in connection with his name the words "physical therapist, physiotherapist, registered physiotherapist, licensed physical therapist", or any other letters, words or insignia indicating or implying that the person is a physical therapist; such a person may not orally, in print, by sign, directly or by implication represent himself as a physical therapist (MCLA 338.335).

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 332.
   21 Am Jur 2d, Criminal Law § 166.
[2, 4] 3 Am Jur 2d, Advertising §§ 2, 4.
[2, 5] 7 Am Jur 2d, Attorney General § 6.
[3] 7 Am Jur 2d, Attorney General § 13.
[4] 69 Am Jur 2d, Physicians and Surgeons § 29.

5. CRIMINAL LAW—OFFENSES—DECEPTIVE ADVERTISING—FALSE AD-
   VERTISING—STATUTES.
   It is unlawful knowingly to make, publish, disseminate, circulate,
   or place before the public any advertisement which contains
   any statement or representation which is untrue, deceptive or
   misleading (MCLA 445.801).

Appeal from Ingham, Donald L. Reisig, J. Sub-
mitted January 15, 1975, at Lansing. (Docket No.
19447.) Decided February 27, 1975. Leave to ap-
peal denied, 394 Mich 800.

Complaint by Frank J. Kelley, Attorney Gen-
eral, against Charles F. Atwell to enjoin defendant
from representing himself as a physical therapist.
Injunction granted. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Frederick H.
Hoffecker,* Assistant Attorney General, for plain-
tiff.

Charles F. Atwell, *in propria persona.*

Before: T. M. BURNS, P. J., and D. E. HOLBROOK
and M. J. KELLY, JJ.

PER CURIAM. Defendant is a licensed chiroprac-
tor, pursuant to MCLA 338.151 *et seq.;* MSA
14.591 *et seq.* He applied for a license under the
physical therapy act, MCLA 338.321 *et seq.;* MSA
14.715(1) *et seq.,* but was refused the license. Thus,
he is not registered nor licensed as a physical
therapist.

The defendant authorized and obtained a listing
in the telephone directories of metropolitan De-
troit which listed, *inter alia,* under "Atwell Zone
Physiotherapy and Fx Massage System": physical
therapists; massage; suana baths; whirlpool baths;
chiropractic physicians. The Attorney General,

considering this listing to be improper, notified the defendant to cease and desist pursuant to provisions of the deceptive advertising act, MCLA 445.801 *et seq.;* MSA 19.853(1) *et seq.* Proper notice of this was given. Plaintiff, thereafter, commenced the present suit for injunctive relief in the Ingham County Circuit Court. Various prior suits have involved defendant, Michigan Bell Telephone Company, and the State Board of Chiropractic Examiners. None of these suits were predicated upon the deceptive advertising act.

Plaintiff moved for summary judgment, which the trial judge granted. The court ordered:

"[T]hat defendant, Charles F. Atwell, D.C., shall be and hereby is permanently restrained and enjoined from advertising by using in connection with his name the words or letters 'physical therapist, physiotherapist, registered physical therapist, licensed physical therapist, physical therapy technician, P.T., R.P.T., L.P.T., P.T.T.', or any other letters, words or insignia indicating or implying that he is a physical therapist, or in any other way, orally, in print, by sign, directly or by implication, representing himself as a physical therapist, in publications, including the Yellow Pages issued by the Michigan Bell Telephone directory placed before the public."

From this determination the defendant appeals. We note that this sincere gentleman has appeared before this bench *in propria persona.*

We quickly dispense with certain assertions of defendant. US Const, Am V refers to crimes; as such, the provision that no person shall be put twice in jeopardy for life or limb refers to criminal actions and not to the present action, as it is a civil complaint for an injunction. Secondly, the Attorney General may maintain an action under statute to enjoin unlawful, deceptive or misleading

advertising. MCLA 445.807(1); MSA 19.853(7)(1). Thirdly, MCLA 14.102; MSA 3.212, provides that an action at law may be brought by the Attorney General in the Circuit Court in and for the County of Ingham.

MCLA 338.321(a); MSA 14.715(1)(a), provides a definition for "physical therapy" or "physiotherapy". MCLA 338.322; MSA 14.715(2), provides for a state board of physical therapy registration. Thereafter, provisions for registration of physical therapists via examination or without examination are set out. MCLA 338.326; MSA 14.715(6), and MCLA 338.327; MSA 14.715(7). MCLA 338.335; MSA 14.715(15), provides that a person not registered under the act or whose registration has been suspended or revoked, or whose registration has lapsed and has not been renewed shall not use in connection with his name the words physical therapist, physiotherapist, registered physiotherapist, licensed physical therapist, or any other letters, words or insignia indicating or *implying* that that person is a physical therapist, nor shall the individual in any other way, orally, in print, by sign, directly or by implication, represent himself as a physical therapist.

MCLA 445.801; MSA 19.853(1), provides that it shall be unlawful for any person knowingly to make, publish, disseminate, circulate or place before the public any advertisement which contains any statement or representation which is untrue, deceptive or misleading, etc.

It is obvious that: (1) defendant was not licensed as a physical therapist and (2) the telephone advertising implied, if not stated, that he or his agents were physical therapists. Thus, a prima facie case has been made. The injunction was properly granted and this Court affirms.